# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-1091V
Filed: July 17, 2018
PUBLISHED

| | |
|---|---|
| GEORGINA RUSSELL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA,* for petitioner.
*Claudia Barnes Gangi, U.S. Department of Justice, Washington, DC,* for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

  On September 1, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barre Syndrome ("GBS") due to her receipt of an influenza ("flu") vaccination on September 23, 2015. Petition at 1-3. On August 7, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 31.

  On January 31, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 37. A decision was originally issued on March 13, 2018, wherein the undersigned found it necessary to reduce the hourly rate of Petitioner's counsel, Ms. Strait. Petitioner moved for reconsideration of the decision on attorneys' fees and costs on March 23,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2018. Motion for Reconsideration ECF No. 42 ("Motion"). The undersigned withdrew the original decision on April 12, 2018, and ordered respondent to file his response, if any, by April 27, 2018. ECF No. 43. Respondent did not file a response. This Motion is now ripe.

## I.  Procedural History

On September 1, 2016, petitioner filed a petition for compensation under the Vaccine Act. Petitioner alleges that she suffered GBS due to her receipt of a flu vaccination. Petition at 1-3. On August 7, 2017, the undersigned issued a decision awarding compensation to petitioner based on the respondent's proffer. ECF No. 31.

On January 31, 2018, petitioner filed a motion for attorneys' fees and costs. ECF No. 37. Petitioner's counsel, Ms. Danielle Strait, asserted in the motion for attorneys' fees and costs, and the accompanying affidavit, that she began her legal career in 2009 when she "a) graduated law school in May, b) took and passed the California bar in July, c) and was hired to perform substantive legal work as a federal law clerk to then-Chief Special Master Gary Golkiewicz…." ECF No. 37 at 2-3. Ms. Strait stated in an affidavit submitted with petitioner's motion for fees and costs that she sat and passed the July 2009 California Bar exam, and prior to that was working part-time as a law clerk in a suburb of Washington D.C. Ex. 14 at 1. Ms. Strait also stated "[o]n August 31, 2009, I began my legal career as a federal law clerk … at the US. Court of Federal Claims Office of Special Masters; I served in this role until September 2012." *Id.* at 1. Ms. Strait was not licensed to practice law until July, 2010, when she was sworn into practice in the State of California. *Id.* at 2. Ms. Strait requested attorney rates of $306.00 for 2016 (asserting seven years of experience), $320.00 for 2017 (asserting eight years of experience), and $322.00 for 2018 (asserting nine years of experience). ECF No. 37 at 3-4. The total amount requested for attorneys' fees was $14,180.90 and attorneys' costs was $1,487.98. *Id.* at 1. In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. *Id.* at 2. Thus, the total amount requested was $15,668.88.

On February 8, 2018, respondent filed a response to petitioner's motion. ECF No. 39. Respondent argued that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent added, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On February 13, 2018, petitioner filed a reply. ECF No. 40. Petitioner disputed respondent's position that he has no role in resolving attorneys' fees and costs and further reiterated her view that her attorneys' fees and costs in this case were reasonable.

2

A decision was originally issued on March 13, 2018. ECF No. 41. The undersigned found it necessary to reduce the hourly rate of Petitioner's counsel, Ms. Strait. The undersigned found the rate of $322.00 for work performed in 2018 reasonable. However, the undersigned calculated Ms. Strait's legal experience as beginning in 2010, when she was first licensed to practice law.  The undersigned also noted that Ms. Strait's requested rates were higher than what she had previously been awarded in more recent cases in the Vaccine Program for work performed in 2016 and 2017, and other special masters (including the undersigned) have found it necessary to reduce Ms. Strait's hourly rates for consistency with *McCulloch* and the Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedules.[3]

Petitioner moved for reconsideration of the decision on attorneys' fees and costs on March 23, 2018.  Petitioner requests reconsideration of the fees awarded to Ms. Strait, and specifically the methodology this Court utilizes to calculate an attorney's experience when evaluating motions for attorneys' fees and determining an attorneys' hourly rates.  Motion at 2.

The undersigned withdrew the original decision on April 12, 2018, and ordered respondent to file his response, if any, by April 27, 2018.  ECF No. 43.  Respondent did not file a response.

Although not specifically stated the undersigned's April 12, 2018 order granted petitioner's motion for reconsideration based upon the applicable legal standard "in the interest of justice". *See Shaw v. Sec'y of Health & Human Servs.,* 91 Fed. Cl. 715, 720 (Fed.Cl.2010); *Krakow v. Sec'y of Health & Human Servs.,* No. 03-0632V, 2010 WL 5572974, at *5 (Fed. Cl. Spec. Mstr. Nov 12, 2010).

## II.     Legal Standard for Determining the Amount of Fees and Costs

Since petitioner was awarded compensation for her injury, she is entitled to an award of reasonable attorneys' fees and costs. § 15(e)(1). As the Federal Circuit noted, attorneys' fees and costs were "not expected to be high" due to the "no-fault, non-adversarial system" set forth in the Vaccine Act. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1520 (Fed. Cir. 1993) (quoting H.R. REP. NO. 99–908, at 36 reprinted in 1986 U.S.C.C.A.N. 6344, 6377). Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1984)); *Saxton*, 3 F.3d at 1521.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton*, 3 F.3d at 1521–22; *see also Hines v. Sec'y of Health & Human Servs.*,

---

[3] The OSM Attorneys' Forum Hourly Rate Fee Schedules can be found on the United States Court of Federal Claims website at http://www.cofc.uscourts.gov/node/2914.

22 Cl Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). The court of appeals has recognized that special masters have "discretion in determining the amount of a fee award" in light of their "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Garrison v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 99, 106 (2016). Further, because "[s]uch fee determinations are within the discretion of a trial forum," they "are entitled to deference." *Id.* Thus, "[i]f the special master has considered the relevant evidence of record, drawn plausible inferences and articulated a rational basis for the decision, reversible error will be extremely difficult to demonstrate." *Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 940 F.2d 1518, 1528 (Fed.Cir.1991); *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991), *aff'd in relevant part*, 988 F.2d 131 (Fed.Cir.1993) (*per curiam*).

In the McCulloch case, Special Master Gowen exhaustively examined the question of appropriate hourly forum rates in the Vaccine Program following the breakdown of respondent's long standing agreement with petitioner's counsel in that case. *See McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *3–4 (Fed. Cl. Sept. 1, 2015) (for background information regarding these events). Special Master Gowen determined the appropriate rates for attorneys involved in that matter but also established tiered ranges of appropriate forum rates based on years of legal experience. The reasoning and hourly rates set in McCulloch have since been widely followed.[4]

After discussing the potential approaches to setting a forum rate and reviewing cases and material from both within and without the Vaccine Program, Special Master Gowen concluded in *McCulloch* that the following factors should be considered when determining the appropriate hourly rate: (1) the prevailing rate for comparable legal work in Washington, DC; (2) the prevailing rate for cases in the Vaccine Program; (3) the experience of the attorney(s) in question within the Vaccine Program; (4) the overall legal experience of the attorney(s); (5) the quality of work performed by the attorney(s) in vaccine cases; and (6) the reputation of the attorney(s) in the legal community and community at large. *McCulloch*, 2015 WL 5634323, at *17. He calculated the following ranges for reasonable forum rates in Vaccine Program cases:

> $350 to $425 per hour for attorneys with 20 or more years of experience;
> $300 to $375 per hour for attorneys with 11 to 19 years of experience;
> $275 to $350 per hour for attorneys with eight to ten years of experience;
> $225 to $300 per hour for attorneys with four to seven years of experience; and
> $150 to $225 per hour for attorneys with less than four years of experience.

---

[4] Although respondent did not seek review in *McCulloch*, much of the reasoning of the *McCulloch* decision was later examined approvingly on review at the Court of Federal Claims in *Garrison v. Sec'y of Health & Human Servs.*, 128 Fed. Cl. 99 (2016).

*Id.* at *19. Special Master Gowen noted that "[t]he higher end of the range should be awarded to those with significant Vaccine Program experience who perform high quality legal work in vaccine cases." *Id.* He added that an attorney's level of experience may be considered for legal work performed during law school such as an internship in the Vaccine Program or prior judicial clerkship, *especially for attorneys with experience of less than four years. Id.*

Ranges for reasonable forum rates are available on the Court's website. For 2017, rates in Vaccine Program cases are:

$307 to $383 per hour for attorneys with 11 to 19 years of experience;
$281 to $358 per hour for attorneys with eight to ten years of experience;
$230 to $307 per hour for attorneys with four to seven years of experience; and
$153 to $148 per hour for attorneys with less than four years of experience.

For 2018, rates in Vaccine Program case are:

$317 to $396 per hour for attorneys with 11 to 19 years of experience;
$291 to $370 per hour for attorneys with eight to ten years of experience;
$238 to $317 per hour for attorneys with four to seven years of experience; and
$159 to $238 per hour for attorneys with less than four years of experience.

The Attorneys' Forum Hourly Rate Fee Schedule explains that "[t]he years of experience listed in this schedule refer to an attorney's years of experience practicing law, which generally will be calculated based on the year an attorney was admitted to the bar." Office of Special Masters Attorneys' Forum Hourly Rate Fee Schedule at footnote 6. Moreover, the policy of the Office of Special Masters is to calculate attorney experience when an attorney becomes licensed to practice, and not when they achieve a Juris Doctorate. *See Schwenn v. Sec'y of Health & Human Servs.,* No. 15-1148V, 2018 WL 945791, at *2 (Fed. Cl. Jan. 23, 2018) ("Attorneys are placed into the appropriate *McCulloch* range based on their years of experience as a licensed attorney, but they may move up or down within the range based upon their years of experience practicing before the Vaccine Program."); *Kunka v. Sec'y of Health & Human Servs.*, No. 16-892V, 2017 WL 694561, at *2 (Fed. Cl. Jan. 26, 2017) (calculating counsel's experience as a licensed attorney and not as a graduate of law school); *Moritz v. Sec'y of Health & Human Servs.*, 2016 WL 8786193 at *3 (Fed. Cl. Dec. 12, 2016) (calculating an attorney's experience from when she was licensed to practice in New York State); *Tinsley v. Sec'y of Health & Human Servs.*, No. 15-513V, 2016 WL 4367228, at *2 n.6 (Fed. Cl. July 21, 2016) (calculating counsel's experience from her bar admission date and not as a graduate of law school); *see also Rowan v. Sec'y of Health & Human Servs.*, No. 10-272V, 2014 WL 3375588, at *4 (Fed. Cl. June 19, 2014) (refusing to award an attorney's hourly rate for an individual who held a Juris Doctor but was not licensed to practice in any state).

5

Further, prior to being admitted to a bar, an individual cannot practice as an attorney or hold herself out as entitled to practice law.  For example, in California, the state where Ms. Strait was first admitted to practice, it is unlawful to "practice law in California unless the person is an active member of the State Bar."  California Business & Professions Code 6125.

Additionally, calculating an attorney's legal experience starting from when they were first licensed to practice law is often easier to verify than evaluating each individual's specific experience, which may include activities during or even prior to pursing a law degree.  This is especially true in situations where petitioner fails to provide adequate evidence regarding the experience of their counsel.  In such instances, it falls on the Court to look elsewhere for evidence. *See Dougherty v. Sec'y of Health & Human Serv.*, No. 05–700V, 2011 WL 5357816 at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) ("When the parties do not provide reliable evidence, the court can look to other evidence to establish a reasonable hourly rate.") (*citing Rupert ex rel. Rupert v. Sec'y of Health & Human Servs.*, 52 Fed. Cl. 684, 688–89 (Fed. Cl. 2002)).

Moreover, since March of 2016 respondent has not meaningfully participated in attorneys' fee motion practices, and instead began routinely asserting, as he does in this case, that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *See, e.g.* ECF No. 39, Response to Petitioner's Application for Fees and Expenses at 1.  In most instances, respondent also declines to enter into stipulations regarding attorneys' fees and costs, including in this case. This has had the effect of increasing attorneys' fees litigation overall and has resulted in numerous instances, such as in this case, where special masters have issued fee decisions based on motion practice without input from respondent. *See, e.g.*, *Roberts v. Sec'y of Health & Human Servs.*, No. 16-1151V, 2018 WL 2772304, at *1 (Fed. Cl. May 18, 2018) (quoting respondent's generic response to petitioner's motion for attorneys' fees wherein respondent states he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case" and recommending that the special master "exercise her discretion and determine a reasonable award for attorneys' fees and costs").[5]

According to Ms. Strait's declaration, she graduated law school in May of 2009.  Ex. 14 at ¶ 2.  After graduation, she sat for the California Bar exam in July of 2009, and passed.[6]  Prior to taking the bar exam, Ms. Strait worked as a part-time law clerk in a Washington, D.C. suburb.  *Id.*  Ms. Strait's affidavit does not indicate when she started

---

[5] The undersigned notes that respondent also declined to submit a response to petitioner's motion to reconsider in this case.

[6] Ms. Strait could not have known she passed the California bar until November of 2009 when the results were announced.  See 2009 News Release dated November 20, 2009 "State Bar Announces Results for July 2009 California Bar Examination," *available at*  http://www.calbar.ca.gov/About-Us/News-Events/News-Releases/Archives/2009-News-Releases/2009-41.

6

working part-time, what her duties or experience entailed while working part-time, or when she stopped.[7] However, according to Ms. Strait, "[o]n August 31, 2009, I began my legal career as a federal law clerk … at the US. Court of Federal Claims Office of Special Masters; I served in this role until September 2012." *Id.* at ¶ 4. According to Ms. Strait's declaration, she was sworn into the California Bar in July of 2010. *Id.* at ¶ 5. She joined the Maglio firm in 2012. *Id.* at ¶ 7.

For the reasons stated above, and based on the general policy of the Office of Special Masters, the undersigned finds that Ms. Strait had six years of experience as a licensed attorney in 2016, seven years of experience as a licensed attorney in 2017, and eight years of experience as a licensed attorney in 2018. This finding is consistent with numerous other decisions.[8] Although Ms. Strait has additional expertise due to her time as a law clerk and work prior to being a licensed attorney at a law firm in a Washington D.C. suburb, these factors influence the rate to be awarded within the appropriate range. They do not warrant a move to a higher range. Other attorneys having additional expertise have been awarded hourly rates consistent with the range appropriate for their years of experience. *See, e.g.*, *Kaufman v. Sec'y of Health & Human Servs.*, No. 15-1045V, 2016 WL 8347656, at *4 (Fed. Cl. Nov. 7, 2016) (finding an attorney's advanced degree and additional expertise due to her time as a law clerk influenced the rate to be awarded within the appropriate range, but did not warrant a move to a higher range); *Stanford v. Sec'y of Health & Human Servs.*, No. 14–1216V, 2016 WL 3176599 (Fed. Cl. Spec. Mstr. May 15, 2016) (awarding an hourly rate of $400 for an attorney with 20 years of experience and a medical degree).

---

[7] Ms. Strait referred by reference to Exhibit 92 filed in an unrelated case (Case No. 12-829V) for a more thorough recitation of her relevant past legal experience. Ex. 14 at 2. The referenced exhibit was not filed in this case, and the Court was unable to locate it based on the information provided.

[8] *See, e.g., Replogle v. Sec'y of Health & Human Servs.*, No. 16-1274V, 2018 WL 2225081, at *3 (Fed. Cl. Apr. 6, 2018) (finding Ms. Strait had been practicing for 7 years as of 2017); *Noonan v. Sec'y of Health & Human Servs.*, No. 13-430V, 2017 WL 4856852, at *2 (Fed. Cl. Oct. 2, 2017) (finding Ms. Strait had been practicing for 7 years as of 2017); *Brown v. Sec'y of Health & Human Servs.*, No. 13-594V, 2017 WL 4768120, at *2 (Fed. Cl. Sept. 27, 2017) (finding Ms. Strait had been practicing for 7 years as of 2017); *Etheridge-Criswell v. Sec'y of Health & Human Servs.*, No. 16-0652V, 2017 WL 7101174, at *1 (Fed. Cl. Aug. 31, 2017) (finding 2017 was Ms. Strait's seventh year of practice as an attorney); *Guzman v. Sec'y of Health & Human Servs.*, No. 16-74V, 2017 WL 7208135, at *2 (Fed. Cl. Aug. 11, 2017) (acknowledging that Ms. Strait was first licensed to practice in 2010, and finding that she should be awarded rates at the high end of attorneys with four to seven years of experience in 2017); *Liggett v. Sec'y of Health & Human Servs.*, No. 15–526V (Fed. Cl. Spec. Mstr. Aug. 3, 2017) (*accord*); *Greeling v. Sec'y of Health & Human Servs.*, No. 15-1318V, 2017 WL 3574688, at *2 (Fed. Cl. July 10, 2017) (finding Ms. Strait had been practicing for 7 years as of 2017 and 6 years as of 2016, and was awarded rates at the top end of the relevant range); *Schultheis v. Sec'y of Health & Human Servs.* No. 13–781, 2017 WL 2825819 (Fed. Cl. Spec. Mstr. June 5, 2017) (*accord*); *Hogan on behalf of S.M.H. v. Sec'y of Health & Human Servs.*, No. 13–780V, 2017 WL 3585648 (Fed. Cl. Spec. Mstr. Jul. 24, 2017) (*accord*); *Steffens v. Sec'y of Health & Human Servs.*, No. 15-0059V, 2016 WL 8347655, at *4 (Fed. Cl. Nov. 7, 2016) (*accord*); *Dearing v. Sec'y of Health & Human Servs.*, No. 14-289V, 2016 WL 7451349, at *2 (Fed. Cl. Nov. 2, 2016) (finding Ms. Strait had six years' experience, according to Petitioner's fees request, as of 2016).

An attorney with Ms. Strait's experience is entitled to an hourly rate of $225-$300 for work performed in 2016,[9] $230-$307 for work performed in 2017,[10] and $291-$370 for work performed in 2018.  Petitioner requested rates for Ms. Strait of $306.00 for 2016, $320.00 for 2017, and $322.00 for 2018. ECF No. 37 at 3-4.  The undersigned finds the rate of $322.00 for work performed in 2018 reasonable.  However, rates requested for Ms. Strait's work performed in 2016 and 2017 exceed the forum rates for attorneys with 4-7 years of experience, such as Ms. Strait.  The highest amount set forth in the Attorneys' Forum Hourly Rate Fee Schedule for an attorney with Ms. Strait's experience is $300.00 for work performed in 2016 and $307.00 for work performed in 2017.

Ms. Strait warrants a higher rate within the *McCulloch* range corresponding to her level of experience due to her additional expertise from her time as a law clerk and in the vaccine program. Additionally, Ms. Strait consistently performs quality work, as she did in this case. The undersigned finds that she should be awarded the highest rate within the range, but is not persuaded she should be awarded rates in excess of those set forth in the Fee Schedule.

Considering Ms. Strait's skill, experience, quality of work, and reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the appropriate hourly rate for Ms. Strait's work performed in 2016 is $300.00 and in 2017 is $307.00.  As is consistent with other cases in this program, Ms. Strait is awarded $300.00 per hour for work performed in 2016 and $307.00 per hour for work performed in 2017. See cases cited *supra*, at fn. 8.  This results in a reduction of $118.80 for work performed in 2016 and $175.50 for work performed in 2017.  This reduces the total award to $15,374.58, a reduction of $294.30.[11]

### III.   Motion to Reconsider

Vaccine Rule 10(e) governs motions for reconsideration of a special master's decision.  As it provides, "[e]ither party may file a motion for reconsideration of the special master's decision within 21 days after the issuance of the decision ...."  Vaccine Rule 10(e)(1). Special masters have the discretion to grant a motion for reconsideration if to do so would be in the "interest of justice."  Vaccine Rule 10(e)(3).  As noted by

---

[9] Forum rates for attorneys in the vaccine programs for 2016 can be found at http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

[10] Forum rates for attorneys in the vaccine programs for 2017 can be found at http://www.cofc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule-2017.pdf.

[11] This amount is calculated by reducing the original requested rate by the awarded rate multiplied by hours billed.  ($306 - $300 = $6 * 19.80 = $118.80) ($320-$307 = $13 * 13.50 = $175.50) ($118.80 + $175.50 = $294.30).  The requested rate and hours are set forth in ECF No. 37, petitioner's Motion for Payment of Petitioner's Attorneys' Fees and Reimbursement of Case Costs Pursuant to 42 U.S.C. 300aa-15, at 3-4.

another special master, "there is a dearth of law interpreting Vaccine Rule 10(e)(3)," beyond the conclusion that (as the rule itself makes clear) it is within the special master's discretion to decide what the "interest of justice" is in a given case. *R.K. v. Sec'y of Health & Human Servs.*, No. 03–632V, 2010 WL 5572074, at *3 (Fed. Cl. Spec. Mstr. Jan. 10, 2011) (granting reconsideration of decision dismissing case for failure to prosecute). Many decisions assume that the standard for reconsideration is congruent with the "manifest injustice" standard utilized under Rule 59(a) of the Rules of the Court of Federal Claims, which has been defined to be unfairness that is "clearly apparent or obvious." *Amnex, Inc. v. United States,* 52 Fed. Cl. 555, 557 (2002); *see also R.K.*, 2010 WL 5572074, at *3–5 (citations omitted). A motion for reconsideration "is not intended to give an unhappy litigant an additional chance to sway the court.'" *Prati v. United States*, 82 Fed. Cl. 373, 376 (2008) (quoting *Fru-Con Constr. Corp. v. United State*s, 44 Fed. Cl. 298, 300 (1999)). "Manifest" means "clearly apparent or obvious." *Ammex, Inc. v. United States*, 52 Fed. Cl. 555, 557 (2002). The moving party "must show: (1) the occurrence of an intervening change in the controlling law; (2) the availability of previously unavailable evidence; or (3) the necessity of allowing the motion to prevent manifest injustice." *Matthews v. United States*, 73 Fed. Cl. 524, 526 (2006) (citing *Griswold v. United States*, 61 Fed. Cl. 458, 460-61 (2004)).

In this case, petitioner does not indicate the grounds for which her motion to reconsider rests. However, it is clear that she seeks reconsideration to avoid manifest injustice. Petitioner is not seeking reconsideration on the grounds of a change in controlling law, as the only case cited is from October of 2016. Motion at 3. Further, petitioner is clearly not seeking reconsideration due to the presence of previously unavailable evidence because, as petitioner admits, her counsel has been awarded the fees that see seeks to have reconsidered in nine previous cases. Motion at 4 n.2.[12]

In petitioner's Motion for Reconsideration, she is requesting rates for Ms. Strait of $300.00 for 2016, $320.00 for 2017, and $322.00 for 2018. Ms. Strait asserts that she is entitled to $320 for work performed in 2017 because, based on her calculation, she has attained eight years of experience since her graduation from law school in 2009.[13]

Petitioner's Motion for Reconsideration requests that the Office of Special Masters alter its consistent practice of calculating legal experience from the year an attorney has been admitted to a bar, thus becoming a licensed attorney.[14]  *See, e.g.,*

---

[12] The undersigned notes that Ms. Strait has been awarded the hourly rate she seeks to have reconsidered in 15 other decisions. See *supra* footnote 8 and *infra*, footnote 14.

[13] Ms. Strait does not dispute the undersigned's rate calculation of $300.00 for work performed in 2016 or $322.00 for work performed in 2018.

[14] Attorney fee schedules have been posted on the Court's website since October 24, 2016. Ms. Strait's hourly fees has been awarded consistent with this fee schedule for over three years and in at least 15 decisions.  See cases cited *supra* at footnote 8, and *Roach on behalf of O.G.R. v. Sec'y of Health & Human Servs.*, No. 16-0119V, 2018 WL 3031027, at *1 (Fed. Cl. Mar. 30, 2018); *Vahle, v. Sec'y of Health & Human Servs.*, No. 16-1562V, 2018 WL 3216287, at *1 (Fed. Cl. Mar. 23, 2018); *Barczuk v. Sec'y of*

*Ritchie-Coppler v. Sec'y of Health & Human Servs.*, No. 15-1208V, 2017 WL 7762736, at *2 (Fed. Cl. Oct. 18, 2017) (crediting petitioner's attorney with legal experience from when she was admitted to the State Bar of California, and not counting the prior 20 years when petitioner was a certified paralegal); *Holmes v. Sec'y of Health & Human Servs.*, No. 14-887V, 2016 WL 3360424, at *2 (Fed. Cl. May 26, 2016) (calculating legal experience from the time a petitioner's attorney passed the California State Bar). Instead, petitioner argues that her legal experience should begin when she graduated law school, passed the California bar exam, and began employment in the legal field. Motion at 2.

For the reasons set forth above, the undersigned finds that calculating an attorney's experience from bar admission is appropriate. As stated above, the years of experience listed in the attorney fee schedules refers to an attorney's years of experience practicing law, which generally will be calculated based on the year an attorney was admitted to a bar.

Ms. Strait argues that her legal experience began prior to her admission to the bar. In her Motion, she provides several events that trigger the start of her legal experience, including her graduation from law school, passage of the California bar exam, when she began working as a federal law clerk at the Office of Special Masters, and her uninterrupted employment in the legal field. *See* Motion at 2, Ex. 14 at ¶4. It is unclear which of these events she contends is the most probative, however they all occurred in 2009. According to Ms. Strait, she only "underwent the technicality of being sworn into the California Bar and paying initial bar dues to the state of California" in 2010. Motion at 1-2. However, as discussed above, being sworn into the California Bar is more than a mere technicality, but a legal requirement to practice law.

Additionally, work performed prior to being a licensed attorney is not discounted, as Ms. Strait argues in her Motion. Motion at 2. As stated above, those factors influence the rate to be awarded within the appropriate range. *See Solomon Sec'y of Health & Human Servs.*, No. 14-0748V, 2016 WL 8257673, at *7 (Fed. Cl. Oct. 27, 2016) (granting an attorney on the low end of experience in a *McCulloch* range a higher rate within that range due in part to her advanced degree and experience as a law clerk).

Ms. Strait cites to *DiPietro v. Sec'y of Health & Human Servs.* in support of her argument that experience is calculated from the graduation of law school. 2016 WL 7384131 (Fed. Cl. Oct. 6, 2016). The undersigned notes that a reference to the hourly rate awarded to a single other attorney is not controlling here. Further, in *DiPietro*, the undersigned relied on petitioner's counsel's representation that she was actively litigating during the relevant period. *Id.* at *3.

---

*Health & Human Servs.*, No. 16-0117V, 2018 WL 2772708, at *1 (Fed. Cl. Mar. 23, 2018); and *Romig v. Sec'y of Health & Human Servs.*, No. 15-0942V, 2016 WL 8378157, at *5 (Fed. Cl. Nov. 15, 2016).

Petitioner's counsel also cites to the Laffey Matrix, which was referenced as a model for the OSM rate schedule, in support of calculating experience starting from an attorney's law school graduation date. Motion at 4. The Laffey Matrix, however, does not control rate determination for Vaccine Program cases. *Scharfenberger v. Sec'y of Health & Human Servs.*, No. 11-221V, 2015 WL 3526559, at *5 (Fed. Cl. May 15, 2015), *aff'd,* 124 Fed. Cl. 225 (2015); *Rodriguez,* 2009 WL 2568468, at *10 (citing additional case law supporting this proposition). Moreover, the Laffey Matrix was previously considered in *McCulloch*, but specifically not applied. As Special Master Gowen noted in *McCulloch*, the Laffey Matrix structure was useful for comparative purposes, but the rates were not awarded or considered as a *prima facie* rate. *McCulloch*, 2015 WL 5634323, at *16 n.32.

For the reasons stated above, the undersigned finds that petitioner has not shown the hourly rate awarded to Ms. Strait constitutes manifest injustice.

### IV. Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $15,374.58[15] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle Strait. Petitioner request payment be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[16]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[15] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[16] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.